1    Jehu Hand, SBN 124016
     jehu@jehu.com
2    Hand & Hand
     34145 Pacific Coast Highway #379Dana Point, CA 92629
3    (949) 489-2400
     fax (949) 489-0034
4    Attorneys for Plaintiffs John Ballard and Iinde Yang

5

6

7

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JINDE YANG and JOHN BALLARD, | ) VERIFIED COMPLAINT FOR |
| | ) VIOLATIONS OF SECURITIES |
| Plaintiffs, | ) EXCHANGE ACT RULE 10-B(5); |
| | ) DERIVATIVE LIABILITY OF OFFICERS |
| vs. | ) AND DIRECTORS FOR BREACH OF |
| | ) DUTY OF CARE |
| | ) |
| CHINA BILINGUAL TECHNOLOGY AND | ) |
| EDUCATION GROUP, INC., REN | ) |
| ZHIQING, PAN MINGXIAO, REN | ) CIVIL ACTION NO. 15-1517 |
| ZUDONG, JUN ZHANG, YING FENGMEI | ) |
| and DOES 1 through 30, inclusive, | ) |
| Defendants. | ) |

## PARTIES AND JURISDICTION

1.     Plaintiff John Ballard ("Ballard") is a natural person and a citizen of Colorado. Plaintiff Jinde Yang ("Yang") is a natural person and a citizen of California, residing in San Mateo County, California.

2.     Ballard and Yang are shareholders of China Bilingual Technology and Education Group, Inc. ("China Bilingual'), holding, respectively, 72,300 and 52,000 shares of China Bilingual common stock. Ballard purchased his shares from December 13, 2010 to April 14, 2011 at an average price of $2.95 per share (total investment approximately $213,285). Yang purchased his shares from December 13, 2010 to January 4, 2011 at an average price of $3.50 per share (total investment approximately $182,000).

3.       Defendant China Bilingual is a Nevada corporation whose common shares trade on the US over the counter market under the symbol CBLY. Defendant Ren Zhiqing ("Zhiqing") is the Chief Executive Officer and a director of China Bilingual. Defendant Pan Mingziao ("Mingziao") is Executive Vice President and a director of China Bilingual. Defendant Ren Zhudong ("Zhudong") is Vice President and Secretary of China Bilingual. Defendant Jun Zhang ("Zhang") is a director of China Bilingual. Defendant Ying Fengmei ("Fengmei") To the best knowledge of Plaintiffs, Defendants Zhiqing, Mingxiao, Zhudong, Zhang and Fengmei are citizens of the People's Republic of China, and Defendants Zhiqing and Zhudong are, on information and belief, also citizens of Canada.

4.       The Court has subject matter jurisdiction pursuant to Section 27 of the Securities Exchange Act of 1934, which provides that the Federal courts have exclusive jurisdiction over private claims arising under the Securities Exchange Act of 1934. The remaining claims arise under Nevada state law and are under the supplemental jurisdiction of this Court pursuant to 28 USC §1367(a).  Diversity jurisdiction under 28 USC §1332 exists because the Plaintiffs are citizens of California and Colorado and the Defendants are citizens of Nevada and the People's Republic of China and Canada, and the damages alleged exclusive of interest and costs are greater than $75,000.

5.       Venue is proper because one of the Plaintiffs is a resident of the Northern District of California, in San Mateo County, and therefore the damages occurred in this judicial district.

**BRIEF SUMMARY OF FACTS**

6.       Defendant China Bilingual was incorporated on March 31, 2009 as Designer Export, Inc. and filed with the Securities and Exchange Commission to become publicly reporting and trading. On June 30, 2010, the corporation, with 3,899,929 shares outstanding, acquired all off the shares of Kahibah Limited, a BVI company whose sole asset was the

ownership of an array of Chinese companies engaged in the operation of schools and other educational activities in the People's Republic of China ("PRC"). As part of this acquisition, the owners of Kahibah Limited were issued 26,100,076 shares of the company, giving them 87% ownership and majority control of the public company, and their management (primarily consisting of the individual Defendants) were elected as its officers and directors. This transaction is commonly referred to as a "reverse merger."

7.      According to reports filed with the SEC by Defendant China Bilingual, Defendant Zhiqing received 20,500,000 shares and then transferred 100,000 shares to persons unknown. Defendant Mingxiao received 1,490,000 shares but later was stated to own 1,499,001. and Defendant Zhudong received 1,470,001 shares. A total of 23,369,998 were issued to the individual Defendants, leaving 2,730,078 shares being issued to persons unknown and undisclosed.

8.      According to the reports filed by Defendant China Bilingual with the SEC, it enjoyed stellar growth. Revenues for the year ended December 31, 2009 were $21,195,752 and net income was $10,122,751, or $.39 per share; revenues in 2010 were $24,367,395 with net income of $11,966,081 or $.43 per share; in the year ended August 31, 2011[1], revenues were $25,419,516 and net income was $13,432,754 or $.45 per share; and in the last year reported, ended August 31, 2012, revenues were reported as $42,200,354 and net income of $9,645,628 or $.32 per share.

9.      The Current Report on Form 8-K dated June 30, 2010 contained 6 pages of risk factors, but not one risk factor stated that China Bilingual might cease filing reports with the SEC and forfeit its corporate charter. The Transition Report on Form 10-K for the eight months ended August 31, 2011 filed on November 29, 2011 contained 7 pages of risk factors, but not

---

[1] There was a change in fiscal year from December 31 to August 31.

one risk factor stated that China Bilingual might cease filing reports with the SEC and forfeit its corporate charter. The Annual Report on Form 10-K for the year ended August 31, 2012 filed on November 29, 2012 contained 7 pages of risk factors, but not one risk factor stated that China Bilingual might cease filing reports with the SEC and forfeit its corporate charter.

10.     The impact of the reports of growing revenues and profits on China Bilingual's trading market was to drive the trading price up to $4.25 per share. The Plaintiffs paid $2.95 and $3.50 per share on average. On April 15, 2013, China Bilingual notified the SEC that it would no longer file financial reports. The last report filed was the quarterly report for the quarter ended November 30, 2012, filed on January 14, 2013. That report shows that as of November 30, 2012, the net book value of China Bilingual was $55,777,443, including over $9 million in cash, or $1.85 per share. Since January 14, 2013, no further financial information has been disseminated by China Bilingual so that the public may know the current value of the company.

11.     China Bilingual has also failed to file its list of officers with the Nevada Secretary of State and the State of Nevada has revoked its corporate charter. Pursuant to Nevada Revised Statutes 78.175(2), a corporation whose charter has been revoked has forfeited its right to do business. Pursuant to NRS 78.180(4), if a corporation's charter remains revoked for a period of 5 consecutive years, the charter "must not be reinstated." Therefore, at this time China Bilingual is unable to do business and if the charter is not reinstated by March 31, 2017, its charter will be permanently revoked and China Bilingual's stockholders will not receive any benefit from their share ownership.

12.     As a result of the revocation of its corporate charter and the lack of information provided to the public, the trading market for China Bilingual has virtually evaporated, and Plaintiffs have lost the entire value of their investment. In addition, China Bilingual is not able

to access the capital markets to obtain equity capital which would enable it to grow its business and maximize stockholder value.

13.     On February 4, 2015, the Plaintiffs informed Defendant China Bilingual, by a letter sent Federal Express to the corporate headquarters in China, of their intent to file a derivative action and to seek damages for violations of Rule 10b-5 and the for breach of their duties as officers and directors. No response has been received.

14.     The Plaintiffs further allege that this action is not a collusive one to confer jurisdiction upon the court which it otherwise would not have. The Plaintiffs purchased their shares before April 15, 2013 and have retained ownership thereof up to the time of filing this Complaint.

15.     This Complaint is verified.

16.     Thus, the Plaintiffs have complied with FCRP 23.1.

## FIRST CAUSE OF ACTION

**SECTION 10(b) and RULE 10b-5 of the SECURITIES EXCHANGE ACT of 1934 – AGAINST DEFENDANT CHINA BILINGUAL AND AGAINST DEFENDANTS ZHINQING, MINGXIAO, ZHUDONG, ZHANG AND FENGMEI AS CONTROL PERSONS PURSUANT TO SECTION 20A OF THE EXCHANGE ACT.**

17.     The above allegations are incorporated herein by this reference.

18.     In their scheme to deprive Plaintiffs and other public shareholders of the value of their shares, Defendant China Bilingual, and its control persons Defendants Zhiqing, Minxiao, Zhudong, Zhang and Fengmei ("collectively, the "Individual Defendants") concealed their intention to cease filing reports with the SEC and to forfeit China Bilingual's corporate charter, and appropriate the assets of China Bilingual to themselves, and  directly and indirectly, with scienter, including with recklessness disregard, in connection with the purchase and sale of securities, by use of the means or instrumentalities of interstate commerce, or of the mails, have

employed devices, schemes or artifices to defraud; have made untrue statements of a material fact or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or have engaged in acts, practices or courses of business which have been and are operating as a fraud upon the purchasers or sellers of such securities, including Plaintiffs and all others similarly situated.

19. Defendants knew that all of the assets of China Bilingual were in China, outside the reach of the US courts, and that they could misappropriate these assets from the public shareholders by ceasing to file reports with the SEC and by permitting the forfeiture of China Bilingual's corporate charter. This risk was never disclosed in any risk factor in any filing made by China Bilingual. Defendant Zhiqing signed the June 30, 2010 8-K. Defendants Zhiqing, Fengmei, Zhang and Minxiao signed the 10-Ks as directors and/or executive officers. Mr. Zhiqing signed a certification under Sarbanes-Oxley that the 10-Ks did not contain a misstatement of a material fact nor the omission to state a material fact.

18. These omissions were made in relation to the purchase or sale of a security interest because they were made to induce Plaintiffs, and others, to purchase shares of China Zhiqing on the public market.

19. Plaintiffs reasonably relied on the lack of disclosure in the 10-Ks to the effect that their shares would be rendered worthless when China Bilingual ceased to file reports and forfeited its corporate charter, enabling the Individual Defendants to freely misappropriate corporate assets. Plaintiffs were unable to discover such misrepresentation using due diligence because they were concealed by Defendants.

20. Defendants knew that persons would not be willing to purchase shares of China Bilingual on the public market if the Individual Defendants were going to misappropriate corporate assets.

21.     Plaintiffs are injured in the amount to be proven at trial, for no less than the purchase price of their shares, aggregating $395,295, or the current book value of their shares, whichever is greater. Other public shareholders of China Bilingual have likewise lost their total investment in the company.

22.     By reason of the foregoing conduct, Defendants have violated Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. As a direct and proximate result of Defendants misconduct, Plaintiffs sustained and will continue to sustain damages in excess of $75,000.

## SECOND CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY – AGAINST ALL INDIVIDUAL DEFENDANTS

23.     The above allegations are incorporated herein by this reference.

24.      By reason of their positions as officers, directors, and/or fiduciaries of China Bilingual and because of their ability to control the business and corporate affairs of China Bilingual, Individual Defendants owed China Bilingual and its shareholders fiduciary obligations of good faith, loyalty, and candor, and were and are required to use their utmost ability to control and manage China Bilingual in a fair, just, honest, and equitable manner. Defendants were and are required to act in furtherance of the best interests of China Bilingual and its shareholders so as to benefit all shareholders equally and not in furtherance of their personal interest or benefit. Each director and officer of the Company owes to China Bilingual and its shareholders the fiduciary duty to exercise good faith and diligence in the administration of the affairs of the Company and in the use and preservation of its property and assets, and the highest obligations of fair dealing.

25.     The Individual Defendants, because of their positions of control and authority as directors and/or officers of China Bilingual, were able to and did, directly and/or indirectly,

exercise control over the wrongful acts complained of herein, as well as the contents of the various public statements and annual and quarterly reports issued by the Company. v Because of their advisory, executive, managerial, and directorial positions with China Bilingual, each of the Defendants had knowledge of material non-public information regarding the Company.

26.     To discharge their duties, the officers and directors of China Bilingual were required to exercise reasonable and prudent supervision over the management, policies, practices and controls of the Company. By virtue of such duties, the officers and directors of China Bilingual were required to, among other things:  (a) Exercise good faith to ensure that the affairs of the Company were conducted in an efficient, business-like manner so as to make it possible to provide the highest quality performance of their business; (b) Exercise good faith to ensure that the Company was operated in a diligent, honest and prudent manner and complied with all applicable federal and state laws, rules, regulations and requirements, and all contractual obligations, including acting only within the scope of its legal authority; (c) Exercise good faith to ensure that the Company's financial statements were ere prepared in accordance with Generally Accepted Accounting Principles ("GAAP"); and (d) When put on notice of problems with the Company's business practice sand operations, exercise good faith in taking appropriate action to correct the misconduct and prevent its recurrence.

27.     Each Individual Defendant owes and owed to the Company the duty to exercise candor, good faith, and loyalty in the management and administration of China Bilingual's business and affairs, particularly with respect to issues so fundamental as filing its reports and providing reports to shareholders and maintaining the corporate status of China Bilingual.

28.     The Individual Defendants' conduct set forth herein was due to their intentional, reckless, or negligent breach of the fiduciary duties they owed to the Company. Individual Defendants intentionally, recklessly, or negligently breached or disregarded their fiduciary

duties to protect the rights and interests of China Bilingual.

29.      In breach of their fiduciary duties owed to China Bilingual, Individual Defendants willfully participated in and caused the Company to fail to file financial reports and provide other information to stockholders, and to fail to maintain China Bilingual's corporate status, enabling insiders, including the Individual Defendants, to misappropriate corporate assets to themselves, and failed to properly oversee China Bilingual's business, rendering them personally liable to the Company for breaching their fiduciary duties.

30.      As a direct and proximate result of defendants' breaches of their fiduciary obligations, China Bilingual has sustained and continues to sustain significant damages, well in excess of $75,000.  As a result of the misconduct alleged herein, Individual Defendants are liable to the Company.

### THIRD CAUSE OF ACTION

### ABUSE OF CONTROL – AGAINST ALL INDIVIDUAL DEFENDANTS

31. Plaintiffs incorporate by reference and reallege each and every allegation set forth above, as though fully set forth herein.

32.      Individual Defendants' misconduct alleged herein constituted an abuse of their ability to control and influence China Bilingual, for which they are legally responsible.

33.      As a direct and proximate result of defendants' abuse of control, China Bilingual has sustained significant damages.

34.      As a direct and proximate result of defendants' breaches of their fiduciary obligations of candor, good faith, and loyalty, China Bilingual has sustained and continues to sustain significant damages. As a result of the misconduct alleged herein, defendants are liable to the Company.

35.      By reason of the foregoing, China Bilingual has been damaged.

FOR THESE REASONS, Plaintiff demands judgment in their and the Company's favor against all

Defendants as follows:

**PRAYER FOR RELIEF**

A.  Damages according to proof for the First Cause of Action from China Bilingual and the Individual Defendants.

B.  Declaring that Plaintiffs may maintain this action on behalf of China Bilingual and that Plaintiffs are adequate representatives of China Bilingual;

C.  Declaring that the Individual Defendants have breached and/or aided and abetted the breach of their fiduciary duties to China Bilingual.

D.  Determining and awarding to China Bilingual the damages sustained by it as a result of the violations set forth above from each of the defendants, jointly and severally, together with interest thereon;

E.  Directing China Bilingual and the Individual Defendants to take all necessary actions to reform and improve its corporate governance and internal procedures to comply with applicable laws and to protect China Bilingual and its shareholders from a repeat of the damaging events described herein, including, but not limited to, reinstating the corporate charter, and commencing to file periodic reports pursuant to Section 13 of the Securities Exchange Act of 1934;

F.  Determining and awarding to China Bilingual exemplary damages in an amount necessary to punish Individual Defendants and to make an example of defendants to the community according to proof at trial;

G.  Awarding China Bilingual restitution from defendants, and each of them;

H.  Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and experts' fees, costs, and expenses; and

I.  Granting such other and further equitable relief as this Court may deem just and proper.

DATED:  April 2  , 2015

By:        /s/ Jehu Hand
           Jehu Hand, SBN 124016
           Hand & Hand
           34145 Pacific Coast Highway #379
           Dana Point, CA 92629
           T: (949) 489-2400
           F: (949) 489-0034
           jehu@jehu.com
           Attorneys for Plaintiffs

### VERIFICATION PURSUANT TO 28 USC 1746

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 2  , 2105.

John Ballard

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 2  , 2105.

Jinde Yang